IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARC DAVID GREISINGER,                )
                                      )
          Plaintiff,                  )
                                      )
     -vs-                             )     Civil Action No.   18-68
                                      )
ANDREW M. SAUL,[1]                    )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
          Defendant.                  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 15) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. In both applications, Plaintiff alleges disability began in November of 2012. (ECF No. 9-7, p. 2). Administrative Law Judge ("ALJ"), David F. Brash, held hearing on August 5, 2016. (ECF No. 9-3). On January 9, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 9-2, pp. 12-27).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

1

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 15 and 18). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Weighing of Opinion Evidence in Determining Plaintiff's RFC**

Plaintiff argues that the ALJ erred by improperly disregarding the medical opinions of his treating physicians and the consulting physicians. (ECF No. 16, pp. 5-16). The amount of

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).   In this case, the ALJ found Plaintiff has the RFC to perform light work with both physical and mental exceptions.   (ECF No. 9-2, p. 17).

3

weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject

4

evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ made no reference to the report of Dr. Eisler, a consulting psychiatrist. (ECF No. 16, p. 8). It is true that that ALJ makes no reference to Dr. Eisler's report in his decision. *See,* (ECF No. 9-2, pp. 12-27). Dr. Eisler's opinion, however, was authored in September of 2012. (ECF No. 9-24, pp. 26-31). Thus, it was issued prior to the alleged onset date and, according to counsel, relates to a time period covered by a prior ALJ decision. (ECF No. 9-7, p. 2 and ECF No. 16, p. 1 n. 1). As a result, the ALJ had no obligation to consider the same. Thus, I find no error in this regard.

With regard to Dr. Delaney (Plaintiff's treating psychiatrist), Dr. Weinkle (Plaintiff's primary care physician) and Dr. Malik[3] (a consultative examiner), Plaintiff argues that the ALJ erred using Plaintiff's activities of daily living to discount the same. (ECF No. 16, pp. 11-13). Contrary to this assertion, the ALJ did not specifically discount Dr. Malik's opinion based on Plaintiff's activities of daily living. *See,* ECF No. 9-2, p. 24. Rather, the ALJ discounted the manipulative limitations noted by Dr. Malik as being inconsistent with his clinical examination. *Id.* Plaintiff does not explain why this explanation for discounting Dr. Malik's opinion regarding manipulative limitations is in error. Consequently, I find no merit to Plaintiff's challenge of the ALJ's assessments of Dr. Malik.

With regard to Drs. Delaney and Weinkle, the ALJ does discount their opinions, in part, based on Plaintiff's functional activities of daily living. (ECF No. 9-2, p. 19, 24). An ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living in assessing the RFC. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. The ALJ will also consider

---

[3]Plaintiff is only challenging "that part of Dr. Malik's opinion regarding Plaintiff's reaching and manipulative limitations." (ECF No. 16, p. 11).

5

inconsistencies between the claimant's statements and the evidence presented in making the RFC determination. *Id.* ALJ further discounted Dr. Delaney's opinion because it was internally inconsistent and inconsistent with the treatment records and contradicted by other areas of his own functional report. (ECF No. 9-2, pp. 20-21). He also discounted Dr. Weinkle's opinion because it was inconsistent with the treatment records, including Dr. Weinkle's own treatment records. (ECF No. 9-2, pp. 23-24). Consistency with other evidence is a valid reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find that the ALJ properly evaluated the opinion evidence in relation to all of the other evidence (including, *inter alia*, activities of daily living) to determine the RFC. Therefore, I find no error in this regard.

Plaintiff next asserts that the ALJ made factual errors warranting remand. (ECF No. 16, pp. 13-16). Specifically, Plaintiff argues that the ALJ erred when he stated that Plaintiff "sought treatment [for mental health] from May 2014 through the present time at Milestone Centers." (ECF No. 16, pp. 13-14, *citing* No. 9-2, p. 19). Plaintiff suggests that the records reflect that Plaintiff began treatment at Milestone Centers in February of 2011. (ECF No. 16, p. 14). While it may be true that there are medical records from Milestone Centers, Inc. from 2011, those records relate to a time period not at issue here and relevant to a prior adjudication. The relevant records from Milestone Centers, Inc. began in May of 2014, which is what the ALJ references. (ECF No. 9-2, p. 19). Therefore, I find no error in this regard.

The next factual error asserted relates to the ALJ's statement that "there appear[s] (sic) to be significant gaps in treatment [with Dr. Delaney] (Exhibits B-33F, pp. 32, 22)." (ECF No. 16, pp. 14-15; No. 9-2, p. 19). A review of Exhibit 33F reveals gaps between treatment with Dr. Delaney varied from a one-month gap between appointments to a six-month gap between appointments. *See,* ECF No. 9-37. I do not find it inappropriate to consider a six-month gap

6

between doctor visits with Dr. Delaney to be significant, especially when considered in connection with his functioning activities of daily living. (ECF No. 9-2, p. 19). Furthermore, contrary to Plaintiff's assertion otherwise, the ALJ recognized and considered Dr. Delaney to be his treating psychiatrist. (ECF No. 9-2, p. 20). Thus, I find no error in this regard either.

Plaintiff also argues that the ALJ "made factual errors regarding the medical records related to Plaintiff's physical conditions." (ECF No. 16, pp. 15-16). To that end, Plaintiff first takes issue with one of the reasons the ALJ discounted Plaintiff's physical limitations. *Id.* at 15. The ALJ stated as follows:

> Additionally, the mental health treatment notes cited previously confirm the claimant's ability to perform numerous activities reflecting lesser physical limitations than otherwise reported by the claimant at his hearing. Further, although the claimant was referred for a surgical consultation, the claimant declined this, stating that unless he could get a 100% guarantee that the surgery would alleviate his pain, he did not want to undergo surgery (Exhibit B-35F, p. 11). The undersigned does not begrudge anyone their right to refuse surgery; however, a claimant's refusal to even report for a surgical consultation is different, as the consultation alone does not require a patient to undergo surgery. Rather, it provides the patient with perspective on all options. Yet, in this case, the claimant did not allow for such perspective, and I feel this serves as evidence undermining the alleged severity of his pain.

(ECF No. 9-2, p. 22). Plaintiff believes this statement was in error because he was actually consulting with a neurosurgeon when the conversation occurred. (ECF No. 16, p. 15). After a review of the record, I find any error in this regard is harmless. The ALJ obviously noted the doctor's visit as set forth above. (ECF No. 9-2, p. 22). Therefore, remand is not warranted on this basis.

Lastly, Plaintiff argues the ALJ made a factual error "when he discounted the opinion of Dr. Weinkle and the reports of pain by Plaintiff when he stated that 'despite his back injury in 1998 the claimant was able to return to work and the record does not indicate a gradual worsening of his physical problems.'" (ECF No. 16, pp. 15-16). Specifically, Plaintiff asserts that the record does suggest a gradual worsening. *Id.* at 16. In support of the same, Plaintiff points to a

7

comparison of MRIs taken in 1998 and 2016. *Id.* An 18-year gap in time does not suggest a gradual worsening. Thus, I do not find this lends support to Plaintiff's position. Furthermore, I note that this statement is not directly made in connection with the discussion of Dr. Weinkel's opinion but, rather, it is made in connection with the ALJ's discussion of inconsistent evidence related to Plaintiff's alleged pain and mental health impairments. *See,* ECF No. 9-2, pp. 18, 24. Consequently, I do not find such statement warrants remand.

### C.     Residual Functional Capacity ("RFC")

Plaintiff next argues that the ALJ erred in determining his RFC. (ECF No. 9, p. 10). In support of this position, however, Plaintiff argues that "there is substantial evidence that Plaintiff is not able to either mentally or physically do the work noted in the residual functional capacity determined by the ALJ." (ECF No. 16, p. 18). Plaintiff then continues by citing to evidence that he believes supports his position. *Id.* at pp. 18-19.

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is entirely misplaced and insufficient to place an issue before me. Therefore, remand is not warranted on this basis.

### D.     Vocational Expert ("VE")

Plaintiff's final argument is that the ALJ erred by relying on the VE's answers to hypothetical questions that inaccurately portray Plaintiff's physical and mental limitations. (ECF

No. 16, pp. 19-20). An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 9-2, pp. 12-27). Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARC DAVID GREISINGER, )
  )
    Plaintiff, )
  )
-vs- ) Civil Action No. 18-68
  )
ANDREW M. SAUL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
  )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 14th day of August, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 15) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

    BY THE COURT:

    s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.